GRIFFIN, J.
Petitioner, Robert Springer [“Springer”], seeks a writ of certiorari directed to an order of the trial court ordering him to produce to United Services Automobile Association [“USAA”], Springer’s liability carrier, all communications between Springer and the attorney hired by USAA to defend him in a liability suit.
This issue arises in the course of a “bad faith” suit by Springer against USAA. The two parties take almost diametrically opposing views of the attorney/client privilege issue — either that the insurer is entitled to all communications between the insured and USAA’s retained counsel, or that USAA is entitled to none. USAA concedes that it would not be entitled to communications between Springer and his lawyer after a certain point in time — the date the relationship between Springer and USAA became adverse. That date they appear to define as the date it became clear that the liability suit could not be settled within policy limits. Based on our review of the case law and secondary authorities, however, it appears that even before that moment, there may be a variety of communications between the insured and his attorney that the insurer has no right to access. Communications between an insured and his counsel that pertain to the common interest held by the insured and the insurer — ie. the defense of the claim — are available to the insurer and this right of access would continue even if their interests become adverse. By the same token, communications concerning matters not pertaining to the defense or resolution of the liability ease may be privileged. Examples would be a discussion of coverage issues or how to proceed if the case could not be settled within policy limits.
In some cases, the line between communications concerning defense of the claim and other issues may be difficult to draw *1236 and some documents may contain both attorney/client communications that USAA is entitled to access and some that it is not entitled to access. In this case, because the trial court found that USAA should have access to all documents, no in camera review was conducted. The court should review the documents whose production remains in dispute and order disclosed to USAA only those which relate to the defense of the liability claim, not communications pertaining primarily to the insured’s own legal interests.
PETITION GRANTED; ORDER VACATED.
SAWAYA and ORFINGER, JJ., concur.